# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 12-80950-WRS |
| | Chapter 13 |
| TIMOTHY S. DUBOSE, | |
| Debtor | |
| | |
| In re | Case No. 13-81364-WRS |
| | Chapter 13 |
| TINA BOYD, | |
| Debtor | |

## MEMORANDUM OPINION

These Chapter 13 cases are before the Court on the motions for instructions filed by the Trustee. In both cases the Trustee disbursed funds pursuant to the debtors' confirmed plans that were received by the creditors to whom they were intended. However, after both cases had effectively terminated – *Boyd* via dismissal, and *Dubose* via Chapter 13 discharge – certain creditors returned portions of the distributed funds to the Trustee without explanation as to the reason. The Court held a hearing on the motions on May 11, 2015, and took them under advisement on that date.

When disbursed funds are returned to the Trustee after a Chapter 13 case is dismissed, the Court holds that those funds must be returned to the debtor. When disbursed funds are returned after the debtor has obtained a Chapter 13 discharge, the Court holds that such funds must be paid to unsecured creditors as provided by the confirmed plan to the extent necessary to fully pay their claims, with any excess funds to be returned to the debtor. The Court's reasons are explained below.

## I. FACTS & PROCEDURAL HISTORY

### A. *In re Boyd*

Tina Boyd ("Boyd") filed Chapter 13 bankruptcy on September 23, 2013. (Doc. 1). Her amended plan provided for direct payment of her mortgage and for a "POT" of $4,992 to unsecured creditors. (Doc. 22). The Court confirmed Boyd's plan on December 16, 2013. (Doc. 24). On June 19, 2014, Boyd filed a secured proof of claim in the amount of $97,933.59 on behalf of Selene Finance, which was servicing the mortgage Boyd had granted in her real property. (Claim 4).

The Court dismissed Boyd's case on November 17, 2015 for failure to make plan payments. (Doc. 33). After the dismissal Selene Finance returned to the Trustee unnegotiated checks amounting to $1,673.30 that the Trustee had previously mailed on its claim, along with a letter stating that the automatic stay had lifted. On April 15, 2016, the Trustee moved the Court to provide instructions on disposition of the funds. (Doc. 35). No party in interest other than the Trustee filed a response or appeared at the May 11 hearing.

### B. *In re Dubose*

Timothy Dubose ("Dubose") filed Chapter 13 bankruptcy on June 27, 2012. (Doc. 1). The Internal Revenue Service ("IRS") was a priority unsecured creditor of Dubose. His amended plan provided for $7,333.35 to be paid to the IRS via monthly payments of $135, and proposed to pay nothing to non-priority unsecured creditors. (Doc. 27). The Court confirmed Dubose's plan on November 20, 2012. (Doc. 32). On December 10, 2012, Dubose moved to modify his plan in order to cure a post-petition mortgage arrearage of $192.99, but left all other plan provisions unchanged; the Court granted his motion on January 7, 2013. (Docs. 34 & 35).

Dubose made his required plan payments and the Court entered an order of discharge on March 21, 2016. (Doc. 44). After the discharge the IRS, without explanation, issued a refund check of $1,565.53 to the Trustee that the Trustee had previously paid on its claim. On April 15, 2016, the Trustee moved the Court to provide instructions on disposition of the funds. (Doc. 48). No party in interest other than the Trustee filed a response or appeared at the May 11 hearing.

## II. ANALYSIS

The Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This is a final order.

### A. Rejected Funds are Not Unclaimed Property

The Trustee's motions suggest that the returned funds in the *Boyd* and *Dubose* cases are unclaimed property. "Ninety days after the final distribution . . . in a case under [Chapters 7, 12, or 13], as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." 11 U.S.C. § 347(a). "The trustee shall file a list of all known names and addresses of the entities and the amounts which they are entitled to be paid from remaining property of the estate that is paid into court pursuant to § 347(a) of the Code." FED. R. BANKR. P. 3011.

Case 13-81364    Doc 37    Filed 08/02/16    Entered 08/02/16 15:49:25    Desc Main
Document      Page 3 of 10

"The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the 'rightful owners,' 28 U.S.C. § 2041,[1] upon 'full proof of the right thereto.' 28 U.S.C. § 2042."[2] In re Scott, 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006) (footnote added). "The 'rightful owner' of unclaimed funds paid into the Court under § 347(a) is the holder of the proof of claim on account of which the trustee made the distribution." In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit A, 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005). "A creditor applying for unclaimed funds must affirmatively show that it has a 'present entitlement to the unclaimed funds sought.'" Scott, 346 B.R. at 559 (quoting In re Acker, 275 B.R. 143, 145 (Bankr. D.D.C. 2002)); *see generally* Applications for Unclaimed Funds, 341 B.R. at 73-75 (listing requirements that an applicant must satisfy to obtain unclaimed funds); In re Pena, 456 B.R. 451, 453-55 (Bankr. E.D. Cal. 2011) (same). "A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor has brought the obligation current. . . ." Scott, 346 B.R. at 559.

---

[1] "All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court. This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court." 28 U.S.C. § 2041.

[2] "No money deposited under [28 U.S.C. § 2041] shall be withdrawn except by order of court. In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042.

Case 13-81364    Doc 37    Filed 08/02/16    Entered 08/02/16 15:49:25    Desc Main
Document      Page 4 of 10

"After five years, any funds that are still unclaimed are deposited by the bankruptcy court in the United States Treasury 'in the name and to the credit of the United States.'" Leider v. United States, 301 F.3d 1290, 1293 (Fed. Cir. 2002) (quoting 28 U.S.C. § 2042). "Thereafter, a creditor entitled to any of the funds may file a claim with the bankruptcy court, and if the claim is approved, the Treasury Department issues a check to the creditor in the principal amount of his or her distributive shares." Id. There is no time limit for the creditor to claim the funds. *See, e.g.*, In re Bishop, 72 F. Supp. 199, 200 (D.N.J. 1947) (granting creditors' applications for unclaimed funds arising out of bankruptcy that had been filed 72 years earlier).

Generally speaking, "[f]unds are unclaimed when the disbursement agent . . . has done everything he is required to do to distribute the funds, reasonable notice of the availability of the funds has been given to the intended recipient[,] and the intended recipient has done nothing for a period of time sufficient to evince a lack of interest in the funds or an abandonment of his right to the funds." In re IBIS Corp., 272 B.R. 883, 890 (Bankr. E.D. Va. 2001). In the context of Chapter 13, however, "when a secured creditor returns funds to the trustee, 'the monies in the Chapter 13 Trustee's hands are not "unclaimed property" pursuant to Section 347 and should not be paid into the Registry of Court.'" In re Bacon, 274 B.R. 682, 685 (Bankr. D. Md. 2002) (quoting In re Pegues, 266 B.R. 328, 332 (Bankr. D. Md. 2001)) (internal brackets omitted). The purpose of designating and holding unclaimed funds is to ensure that a creditor to whom a distribution is owed has the opportunity to recover the funds in the event that there is a failure in the delivery of the distribution. This purpose is nullified when the creditor receives the distribution but then affirmatively acts to return it. Designating such rejected funds as unclaimed property would effectively throw the money into an abyss. Neither the debtor nor any other

-5-

creditor could claim the money, it would never escheat to the government, and it would not earn interest; it would simply stagnate.[3]

In both *Boyd* and *Dubose*, the delivery of the distribution to the creditor was successful, and the creditor affirmatively rejected the distribution. These funds do not fall within the purview of § 347(a) because they are not "unclaimed" within the meaning and purpose of that provision.

### B. Disposition of Funds upon Dismissal

When a Chapter 13 case is dismissed without a confirmed plan, the Bankruptcy Code instructs the trustee to return any post-petition payments to the debtor after deducting allowed administrative expenses. 11 U.S.C. § 1326(a)(2); *see also* White v. Fessenden (In re Wheaton), 547 B.R. 490, 497-99 (1st Cir. B.A.P. 2016); In re Brandon, 537 B.R. 231, 235 (Bankr. D. Md. 2015). When a plan has been confirmed, however, there is a split of authority on how the trustee must dispose of funds paid by the debtor but not disbursed.

The second sentence of § 1326(a)(2) states: "If a plan is confirmed, the trustee shall distribute any [payment made pursuant to the plan] in accordance with the plan as soon as it is practicable." 11 U.S.C. § 1326(a)(2). A minority of courts have held, based on this language, that if a case with a confirmed plan is subsequently dismissed, any funds in the trustee's possession are to be disbursed pursuant to the confirmed plan. *E.g.*, In re Darden, 474 B.R. 1, 13-14 (Bankr. D. Mass. 2012); In re Hufford, 460 B.R. 172, 176 (Bankr. N.D. Ohio 2011); In re

---

[3] The same is true in Chapter 7, which is also subject to § 347(a). In Chapters 9 and 11, however, the money would revert to the debtor after five years. *See* 11 U.S.C. §§ 347(b), 901(a), and 1143; *see also* IBIS Corp., 272 B.R. at 890.

Parrish, 275 B.R. 424, 426-33 (Bankr. D.D.C. 2002). However, that reasoning pulls the second sentence of § 1326(a)(2) out of context. In its entirety, the provision states:

> A payment made [to the trustee pursuant to a proposed plan] shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to [§ 1326(a)(3)] to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(2). "The first sentence [of § 1326(a)(2)] instructs trustees to retain pre-confirmation plan payments until the court confirms a plan or denies confirmation. The next sentence tells the trustee, 'now distribute those pre-confirmation payments in accordance with the plan as soon as you can.' The third sentence indicates what a trustee should do with those pre-confirmation payments if a plan is not confirmed." Williams v. Marshall (In re Williams), 488 B.R. 380, 385 (Bankr. N.D. Ill. 2013), *aff'd* 526 B.R. 695 (N.D. Ill. 2014). The more persuasive analysis, and majority view, of § 1326(a)(2) is that it only applies to cases dismissed prior to confirmation. *E.g.*, id.

Disbursements after plan confirmation are generally governed by 11 U.S.C. § 1326(c), which provides that "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan." 11 U.S.C. § 1326(c). However, the Supreme Court has instructed that this requirement is superseded in appropriate circumstances by the specific provisions of Chapter 3 of the Bankruptcy Code. *See* Harris v. Viegelahn, 135 S. Ct. 1829, 1837 (2015) (holding that when the debtor in good faith converts to Chapter 7, the Chapter 13 trustee's disbursement duties are superseded by 11 U.S.C.

§ 348(f)). Although Harris addressed the disposition of funds when the debtor converts to Chapter 7, there is an analogous Chapter 3 provision governing the disposition of funds upon dismissal. *See* 11 U.S.C. § 349(b)(3). That section provides:

> Unless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under [the Bankruptcy Code].

11 U.S.C. § 349(b)(3). Application of this provision is admittedly awkward in Chapter 13 cases where property of the estate includes the debtor's post-petition wages, *see* 11 U.S.C. § 1306(a)(2), since § 349(b)(3) requires that those wages be returned to their pre-petition owner. *See* In re Lewis, 346 B.R. 89, 107 (Bankr. E.D. Pa. 2006). Nevertheless, the majority view holds that even when a Chapter 13 case is dismissed after plan confirmation, § 349(b)(3) compels that funds in the trustee's possession be returned to the debtor. *E.g.*, In re Edwards, 538 B.R. 536, 541 (Bankr. S.D. Ill. 2015); In re Hamilton, 493 B.R. 31, 37-46 (Bankr. M.D. Tenn. 2013); Williams, 488 B.R. at 386-87; In re Parker, 400 B.R. 55, 62 (Bankr. E.D. Pa. 2009)[4]; In re Slaughter, 141 B.R. 661, 663 (Bankr. N.D. Ill. 1992).

This Court has likewise ascribed to the majority view. *See* In re Murphy, 71 Collier Bankr. Cas. 2d 86 (Bankr. M.D. Ala. 2014) (following In re Hamilton). Murphy addressed a slightly simpler scenario where the Chapter 13 case was dismissed while the trustee still retained possession of the funds – *i.e.*, the money had not been disbursed. Id. However, the Court sees

---

[4] The Parker court joined this line of cases with respect to payments made by the debtor after confirmation. Parker, 400 B.R. at 62. However, it clarified that if payments made pre-petition had not been distributed after confirmation and the case is dismissed after confirmation, § 1326(a)(2) requires that the pre-confirmation payments be distributed pursuant to the plan, notwithstanding § 349(b)(3) and the dismissal of the bankruptcy case. Id. Because the *Boyd* case does not present that scenario, the Court does not address that specific issue here.

-8-

little difference between the scenario in Murphy and the scenario in *Boyd*. This result is in harmony with Congress's "'stated intent that the purpose of [§ 349(b)] is to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found. . . ."'" Wells Fargo Bank, N.A. v Oparaji (In re Oparaji), 698 F.3d 231, 238 (5th Cir. 2012) (quoting In re Sanitale, 415 B.R. 98, 105 (Bankr. E.D. Pa. 2009) (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 48-49, 1978 U.S.C.C.A.N. 5787, 5835 (1978))). The Court holds that funds that have been distributed but are returned to the Chapter 13 trustee after the case has been dismissed should be returned to the debtor pursuant to 11 U.S.C. § 349(b)(3). The Court therefore orders that the $1,673.30 that Selene Finance returned to the Chapter 13 Trustee must be delivered to Tina Boyd.

### C. Disposition of Funds upon Discharge

Unlike the scenarios of conversion and dismissal, there is no analogous statute in Chapter 3 of the Bankruptcy Code that specifically applies to a debtor's discharge. Therefore, the controlling provision when a debtor has obtained a Chapter 13 discharge and a creditor subsequently returns disbursed funds to the trustee is § 1326(c), which requires that the money be disbursed pursuant to the plan. *See* Bacon, 274 B.R. at 684-85; *see also* 11 U.S.C. § 1327(a).[5] The debtor's discharge does not alter this result because, while the debtor's *in personam* liability is extinguished, the creditors retain a claim against the debtor's bankruptcy estate until they are fully paid. Bacon, 274 B.R. at 686. The Court holds, therefore, that when distributed funds are returned to the Chapter 13 trustee after the debtor has obtained a discharge, the funds are to be

---

[5] "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

Case 13-81364    Doc 37    Filed 08/02/16    Entered 08/02/16 15:49:25    Desc Main
Document      Page 9 of 10

redistributed pursuant to the plan until the unsecured claims provided for by the plan are fully paid, at which point any excess funds may be returned to the debtor.

The confirmed plan in *Dubose* provided for a significant amount of unsecured claims that went unpaid. Therefore, the Trustee is obligated under the terms of Dubose's confirmed plan to disburse the $1,565.53 *pro rata* to Dubose's unsecured creditors.

### III. CONCLUSION

Disbursements that are successfully delivered to a creditor, affirmatively rejected by that creditor, and returned to the trustee, are not "unclaimed property" within the meaning and purpose of 11 U.S.C. § 347(a). Pursuant to 11 U.S.C. § 349(b)(3), the funds returned in Tina Boyd's case must be returned to her. Finally, pursuant to 11 U.S.C. § 1326(c) and Timothy Dubose's confirmed plan, the funds returned in his case must be distributed *pro rata* to his unsecured creditors.

Done this 2nd day of August, 2016.

United States Bankruptcy Judge

c: Donald M. Phillips, Attorney for Dubose
  Joseph R. Fuller, Attorney for Boyd
  Curtis C. Reding, Trustee
  Teresa R. Jacobs, Bankruptcy Administrator

-10-